UNITED STATES DISTRICT COURT

DISCTRICT OF MAINE

DARRON V JEFFRIES,                )
                                  )
          Plaintiff,              )
                                  )
     v.                           )          No. 2:26-cv-00091-LEW
                                  )
UNITED STATES POSTAL              )
SERVICE,                          )
                                  )
          Defendant.              )

**ORDER ON MOTION FOR TEMPORARY RESTRAINING ORDER OR
PRELIMINARY INJUNCTION**

In this action, Plaintiff Darron Jeffries alleges violations of the Family and Medical

Leave Act (FMLA) and the Fifth Amendment by his employer, the United States Postal

Service (Defendant or USPS).  The matter is before the Court on Plaintiff's request for a

temporary restraining order or preliminary injunction, which relief the Court now DENIES.

**BACKGROUND**

Plaintiff filed an ex parte motion for temporary restraining order and preliminary

injunction on February 23, 2026 (ECF No. 4).  USPS has since appeared in this case and

opposed Plaintiff's motion (ECF No. 24).  Plaintiff filed a supplemental declaration in reply

on May 8, 2026 (ECF No. 25).  The case was reassigned to me on May 12, 2026.  The

following facts are drawn from the pleadings, the parties' briefing, and accompanying

exhibits.

Plaintiff is currently a supervisor in customer services (SCS) at the Rockland Post

Office.   In the Rockland Post Office, Plaintiff kept personal items (mostly, it appears, consisting of diplomas and certificates, see Am. Compl. ¶ 17), which he placed in the room he used as an office.[1]   Plaintiff alleges that he requested FMLA leave for a medical condition, which was approved to begin on September 12, 2025, and then extended through October 23, 2025.[2]   While Plaintiff was on leave, Officer-in-Charge (OIC) of the Rockland Post Office Olivia Wade had USPS personnel pack up the personal items that were in Plaintiff's office space.   Plaintiff also alleges that OIC Wade hired his permanent replacement during this period.

When he returned to work on October 24, 2025, Plaintiff alleges that he "was denied his identification credential," and as a result, was unable to clock in, and was also denied access to his office space.  Am. Compl. ¶ 26.   Plaintiff alleges that he was then removed from the building, and that a letter placing him on administrative leave for "failure to obey a direct order" was delivered to his PO Box in Union, Maine, on October 29, 2025.[3] Plaintiff alleges that this incident should have been investigated, but never was, and that he was charged a sick day for October 24, even though he had in fact reported to work.

Plaintiff alleges that he received no further communication from Defendant

---

[1] Plaintiff alleges that he was assigned an office.  Am. Compl. ¶¶ 16-17.  Defendant maintains that Plaintiff was assigned a desk in a shared workroom, and that this "office" is actually a supply closet that he did not have permission to convert.  Def. Resp. at 2; Decl. of Evan Boobar ¶¶ 3-5.

[2] According to Defendant, Plaintiff was placed on administrative leave starting July 15, 2025, from which he was supposed to return on September 12, 2025, until he sought and received approval for FMLA leave starting that date.  Def. Resp. at 2-3; Decl. of Olivia Wade ¶¶ 11, 19.

[3] According to Defendant, Plaintiff had arrived to work that day in "old sweats," which was inconsistent with the USPS dress code.  Def. Resp. at 3; Wade Decl. ¶¶ 22-24.  When OIC Wade raised this issue, Plaintiff became confrontational.  *Id.*  OIC Wade instructed Plaintiff to leave the building (which he did, after speaking with his union representative) and placed him on administrative leave once again.  *Id.*

regarding his employment status until February 16, 2026, when he received a letter scheduling a return-to-work meeting for February 19.  At that meeting, Plaintiff alleges that he raised concerns about his missing personal property and an investigation into the October 24 incident.  Tyler Waters (manager, post office operations, or POOM) allegedly dismissed Plaintiff's concerns and indicated that Plaintiff needed additional training.  The next day, POOM Waters directed Plaintiff to report to the Post Office in Augusta, Maine, for training.  Plaintiff objects to this placement on the grounds that the additional training was unnecessary, that Augusta and Rockland are not geographically equivalent, and that his work schedule during the training placement would be different from his schedule in Rockport.  In addition, Plaintiff raises the concern that his identification badge will not grant him access to the timekeeping and other computer systems in Augusta that he will need to access to perform his job duties.

Plaintiff reported to Augusta for training in February, which ended on April 24, 2026.  He was then assigned to conduct carrier inspections in Portland.[4]  Plaintiff and Defendant both appear to anticipate his return to the Rockland Post Office soon.  Plaintiff asks that I enjoin Defendants from requiring Plaintiff to report to Augusta and further order Defendants to (1) restore Plaintiff to an equivalent position in Rockland, (2) create a written inventory of Plaintiff's personal property, (3) provide Plaintiff immediate access to retrieve his personal property, (4) preserve Plaintiff's personal property during the pendency of this litigation, and (5) restore Plaintiff to full paid administrative leave status.

---

[4] Defendant maintains that Plaintiff volunteered for this assignment, Plaintiff disagrees.

## DISCUSSION

"To grant a preliminary injunction, a district court must find the following four elements satisfied: (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm absent interim relief, (3) a balance of equities in the plaintiff's favor, and (4) service of the public interest." *Arborjet*, *Inc. v. Rainbow Treecare Sci. Advancements*, *Inc*., 794 F.3d 168, 171 (1st Cir. 2015). As the party seeking injunctive relief, Plaintiff bears the burden of establishing that the factors weigh in his favor. *Nat'l Org. for Marriage v. Daluz*, 654 F.3d 115, 117, 119-20 (1st Cir. 2011).

With respect to Plaintiff's claims pertaining to the personal property that was removed from his office space, I agree with Defendant that Plaintiff's claim under the Fifth Amendment is likely moot. Defendant represents that Plaintiff is (and always has been) free to retrieve his personal property, which is being stored securely until that time. Defendant further represents that USPS would be willing to create the requested inventory voluntarily if Plaintiff is not ready to retrieve his personal items. Plaintiff's declaration purports to dispute this, but as far as I can tell, Plaintiff's failure to make any attempt to retrieve his property appears to be the only impediment to its return. The questions that Plaintiff's declaration raises about who has the key that will unlock the room where the items are being stored and how Plaintiff can go about retrieving them do not suggest to me that Defendant is withholding access to Plaintiff's property, but rather that Plaintiff has not made a serious attempt to arrange its return. In light of the parties' shared desire to see these items returned to Plaintiff, I expect them to come to a mutually agreeable arrangement for the prompt return of Plaintiff's personal property. There is no disagreement here that

4

requires my intervention.

What remains are Plaintiff's FMLA claims. As discussed above, one of the elements Plaintiff must satisfy to be entitled to preliminary injunctive relief is a likelihood of irreparable injury absent interim relief. "'Irreparable injury' in the preliminary injunction context means an injury that cannot adequately be compensated for either by a later-issued permanent injunction, after a full adjudication on the merits, or by a later-issued damages remedy." *Rio Grande Cmty. Health Ctr., Inc. v. Rullan*, 397 F.3d 56, 76 (1st Cir. 2005). I am not persuaded that Plaintiff will be irreparably injured absent judicial intervention in his employment during the pendency of this litigation. As Defendant points out, Plaintiff's job title, salary, and benefits have not changed since his original placement on leave, and Plaintiff offers no reason to believe that they will. In my view, this suffices to preserve the status quo pending a full adjudication on the merits. And a lengthier commute (to either Augusta or Portland) for a circumscribed period, though perhaps annoying, is not the sort of harm that cannot be remedied by a later-issued damages remedy.

## CONCLUSION

Plaintiff's request for a temporary restraining order or preliminary injunction is DENIED.

**SO ORDERED.**

Dated this 13th day of May, 2026.

/s/ Lance E. Walker
CHIEF U.S. DISTRICT JUDGE

5